**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Antonio M. Aguirre, | ) | No. CV 04-1182 PHX-DGC |
| Plaintiff, | ) ) ) | **ORDER** |
| vs. | ) ) | |
| Schomac Group, Inc., Schomac Property Management, Inc., | ) ) ) | |
| Defendant. | ) ) | |

Pending before the Court is Defendants' Motion for Partial Summary Judgment filed on July 26, 2005. This motion was filed well after the dispositive motion deadline in this case and in violation of the Court's August 19, 2004 Case Management Order that permits only one summary judgment motion unless permission is first obtained from the Court. Doc. #17 at 3. Nevertheless, the Court agreed in its September 23, 2005 Order to rule on Defendants' motion, but construed it as a mislabeled motion for reconsideration of the Court's July 6, 2005 Order. Docs. ## 55, 64.

**I.   Legal Standards.**

Motions for reconsideration are disfavored and are not the place for parties to make new arguments or to ask the Court to rethink what it has already thought. *See N.W. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988); *United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998). A motion for reconsideration of an interlocutory order may be granted if: (1) the movant makes a convincing showing that the Court failed to consider material facts presented to the Court

before the order was issued; (2) there are newly discovered material facts that the movant could not have discovered through reasonable diligence before the order was issued; or (3) material facts have occurred or the law has changed after the order was issued. *See Motorola, Inc. v. J.B. Rodgers Mech. Contrs., Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003) (discussing various district court local rules regarding motions for reconsideration and adopting Central District of California's standard because it "captures the most common elements of the various local rules" and "best balances the competing interests of judicial accuracy and judicial economy").

Defendants' in their motion for reconsideration raise several new arguments that were not present in either their motion for partial summary judgment or their reply in support of the motion. Docs. ##42, 54. Defendants' new arguments include (1) Plaintiff's lack of personal knowledge that he was replaced by Brad Rhodes, a lesser qualified non-Hispanic; (2) the lack of causal connection between the racial jokes told by Supervisor Hicks and Plaintiff's termination by a different supervisor a year after the comments were made; (3) the lack of personal knowledge of Plaintiff's negative work evaluation allegedly made in retaliation for an email he sent; and (4) the lack of personal knowledge of Plaintiff's statement that non-Hispanic supervisors received more employee help than Plaintiff. Doc. # 57. In response to the Court's denial of summary judgment on their mitigation of damage defense (Doc. #55), Defendants raise a new argument that they are relieved of the burden to prove the availability of "substantially equivalent jobs" once it has been shown that the former employee has made no effort to seek employment. Doc. #57 at 10-11. The Court will not consider arguments that Defendants failed to raise in the briefing on their prior motion for partial summary judgment. *See United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998) (motions for reconsideration are not the place for parties to make new arguments.)

**II.    Analysis.**

To establish a prima facie case, Plaintiff must prove that he was "(1) a member of a protected class; (2) performing his job in a satisfactory manner; (3) discharged; and (4)

replaced by a [person outside of his protected class] with equal or inferior qualifications." *Wallis v. J.R. Simplot Co.,* 26 F.3d 885, 891 (9th Cir. 1994). The parties do not dispute that Plaintiff is a member of a protected class or that he was discharged.

The Court found in its July 6, 2005 Order that Plaintiff presented sufficient evidence to create an issue of fact on whether he performed his job in a satisfactory manner. Doc. #49, Ex. V. Defendants correctly point out that the Court mistakenly stated that Defendants fired Plaintiff for not performing his job satisfactorily. Doc. #57 at 3. This error, however, does not change the Court's conclusion that Plaintiff presented sufficient evidence to raise a question of fact on the second element of his prima facie case – that he was performing his job in a satisfactory manner. Doc. #55.

The Court also found the fourth prong of Plaintiff's prima facie case satisfied because Plaintiff stated in his verified complaint that he was replaced by a non-Hispanic employee with lesser qualifications.[1] Doc. #55. In paragraph 12 of his verified complaint, Plaintiff alleges that he was replaced by Brad Rhodes, a lesser qualified non-Hispanic. Defendants did not challenge the admissibility of this statement in either their motion for partial summary judgment or their reply and therefore cannot challenge the admissibility now. Construing the evidence in Plaintiff's favor, the Court finds that Plaintiff has presented sufficient evidence to satisfy his prima facie case for discrimination under Title VII. *See Wallis,* 26 F.3d at 891.

The Court also finds that Plaintiff produced sufficient evidence to create an issue of fact on whether Defendants' stated reason for his termination – insubordination – was pretextual. In its July Order, the Court relied on five statements in Plaintiff's verified compliant that might lead a reasonable jury to concluded that Defendants maintained animus against Plaintiff because of his race. Doc. #55 at 4. Defendants now argue that the Court erred in relying on these statements because they "are not based on personal

---

[1] "A plaintiff's verified complaint may be considered as an affidavit in opposition to summary judgment if it is based on personal knowledge and sets forth specific facts." *Lopez v. Smith,* 203 F.3d 1122, 1132, n.30 (9th Cir. 2000).

knowledge, are without foundation, and/or are immaterial to plaintiff's discrimination claim." Doc. #57 at 3. But Defendants only challenged one of these statements as inadmissible in their motion for partial summary judgment. Doc. # 42 at 8 ("Aguirre admitted that he has no personal knowledge of what happened between Hicks and Cossins Wineke and that he has no personal knowledge about what discipline, if any, was imposed upon Hicks."). Even if Defendants are correct in arguing that the Court erred in relying on Plaintiff's statement involving Mr. Hicks, the Court's conclusion is not altered because the remaining four statements are sufficient to raise an issue of fact concerning Defendants' animus towards Plaintiff. *See Chuang v. Univ. of Cal. Davis*, 225 F.3d 1115, 1127 (9th Cir. 2000) ("The plaintiff is required to produce very little direct evidence of the employer's discriminatory intent to move past summary judgment.").

**IT IS SO ORDERED** that Defendant's Motion for Partial Summary Judgment (Doc. # 57), deemed to be a motion for reconsideration, is **denied.**

The Court will schedule a Final Pretrial Conference by separate order.

DATED this 15th day of December, 2005.

David G. Campbell
United States District Judge

- 4 -